IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KELVIN DANIELS,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 23-CV-0491** |
| | : | |
| **COURT OF COMMON PLEAS** | : | |
| **PHILADELPHIA COUNTY** | : | |
| **FAMILY DIVISION,** *et al.*, | : | |
| Respondents. | : | |

# ORDER

**AND NOW** this    12th    day of April, 2023, upon review of Kelvin Daniels's Petition for Writ of Habeas Corpus (ECF No. 1), challenging under 28 U.S.C. § 2241 his then-pretrial custody for three state court criminal cases, *Commonwealth v. Daniels*, CP-51-CR-0008424-2021 (C.P. Philadelphia), CP-51-CR-0008422-2021 (C.P. Philadelphia), and CP-51-CR-0000654-2020 (C.P. Philadelphia), and Daniels's Motion for Leave to Amend (ECF No. 6), and it appearing that Daniels has been convicted in all three cases and is awaiting sentencing,[1] it is **ORDERED** that:

1.  The Petition is **DISMISSED WITHOUT PREJUDICE AS MOOT**.[2]

---

[1] Public records indicate that Daniels was convicted of multiple crimes in all three cases on March 8, 2023, and is awaiting sentencing, currently scheduled for May 1, 2023.  *See Daniels*, CP-51-CR-0008424-2021, CP-51-CR-0008422-2021, and CP-51-CR-0000654-2020.

[2] Although federal courts have power to consider a constitutional challenge to pre-trial detention by a state on habeas corpus review, *Ex parte Royall*, 117 U.S. 241, 253 (1886), considerations of federalism counsel strongly against exercising it except in the most extraordinary circumstances.  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91 (1973).  Further, "[i]f developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690,

*(footnote continued on next page)*

2. The Motion for Leave to Amend is **DENIED AS MOOT**.

3. In the event that Daniels claims that his current detention is violative of his federal constitutional rights, he may file a petition for a writ of habeas corpus in federal court under 28 U.S.C. § 2254 after he exhausts his available state-court remedies.

4. Because jurists of reason would not find it debatable whether Daniels's Section 2241 petition should be dismissed as moot, a certificate of appealability is denied with respect to all claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

5. The Clerk of Court is **DIRECTED** to close this matter.

BY THE COURT:

/s/Wendy Beetlestone, J.

_____

**WENDY BEETLESTONE, J.**

---

698-99 (3d Cir. 1996)). *See Rogin v. Bensalem Township*, 616 F.2d 680, 684 (3d Cir. 1980) ("Inasmuch as mootness would divest us of jurisdiction … we are obligated to address this issue as a threshold matter.").

Daniels has now been convicted and is in custody pursuant to a state-court judgment. A habeas petition challenging pretrial custody is rendered moot by a conviction. *See, e.g., Thorne v. Warden, Brooklyn House of Det.*, 479 F.2d 297, 299 (2d Cir. 1973) (section 2241 petition seeking relief from pretrial detention was moot because of conviction); *Clark v. Payne*, 341 F. App'x. 355, 356 (10th Cir. 2009) ("He filed his petition in the district court while awaiting his state-court trial; however, § 2241 petitions that challenge a defendant's pretrial custody become moot upon the conviction of the petitioner."); *Quarles v. Pennsylvania*, No. 13-1994, 2014 WL 99448, at *3 (E.D. Pa. Jan. 10, 2014) (conviction, including guilty plea, moots a pretrial detention habeas challenge); *Bridges v. Lawton*, No. 13-3701, 2014 WL 516460, at *2 (E.D. Pa. Feb. 7, 2014) (approving and adopting report and recommendation that section 2241 pretrial petition be dismissed as moot upon conviction and sentence); *Schillinger v. DA of Bucks*, No. 12-6179, 2013 WL 3084566 (E.D. Pa. June 19, 2013) (approving and adopting report and recommendation dismissing section 2241 petition brought before trial because the petitioner's subsequent conviction rendered the petition moot). Accordingly, Daniels's request for pretrial federal habeas relief under Section 2241 is moot, and the petition is dismissed for that reason.