IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KELVIN DANIELS,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-0491 |
| | : | |
| **COURT OF COMMON PLEAS** | : | |
| **PHILADELPHIA COUNTY** | : | |
| **FAMILY DIVISION,** *et al.*, | : | |
| Respondents. | : | |

# ORDER

**AND NOW** this 3rd day of July, 2023, upon review of Kelvin Daniels's "Amended Complaint" (ECF No. 8), filed in this closed pre-trial habeas matter brought via a petition pursuant to 28 U.S.C. § 2241,[1] the Court is unable to determine whether Daniels seeks to assert civil rights claims under 42 U.S.C. § 1983 challenging the conditions of his confinement, or whether he instead intends to file a post-conviction petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the fact of his custody despite his lack of state-court claim exhaustion.  Therefore, it is **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to **REOPEN** this case for purposes of this Order only.

2. The "Amended Complaint" is **DISMISSED** without prejudice to its being re-filed in a different and new case, as follows.

---

[1] This case arose from a federal habeas petition challenging pretrial detention for three state criminal cases (CP-51-CR-0008424-2021, CP-51-CR-0008422-2021, and CP-51-CR-0000654-2020) under 28 U.S.C. § 2241.  After Daniels was convicted of multiple crimes in all three cases on March 8, 2023, this Court dismissed the pretrial petition as moot, and the case was terminated.  *See* Order, ECF No. 7 (April 12, 2023).  Nothing in the "Amended Complaint" has any effect on the correctness of that Order.

3. The Clerk of Court is **DIRECTED** to provide Daniels the following, in each instance leaving the civil action number blank: (1) a blank copy of the Court's general complaint form for prisoners to file a civil rights action; (2) a blank copy of this Court's current standard form for filing a post-conviction habeas corpus petition pursuant to 28 U.S.C. § 2254; and (3) a blank copy of this Court's current application to proceed *in forma pauperis*.

4. Daniels should carefully review each form and any instructions that accompany the forms. If Daniels is challenging the treatment or conditions in the facility where he is being held, he may complete and file the civil rights complaint form if he seeks to pursue that type of claim. If he wishes to claim that his current detention violates his federal constitutional rights and seek release from custody, after he exhausts his available state-court remedies, he may complete and file the form petition for a writ of habeas corpus in federal court under 28 U.S.C. § 2254. In either event, he should **leave the "Case Number" blank**.

5. In addition to completing and sending in the appropriate complaint or petition form, Daniels shall either submit the fee to commence the case or, if he cannot afford the fee, file a motion to proceed *in forma pauperis* using the Court's form provided, which he must fill out completely, including the required certification of prisoner's institutional account balance signed by an authorized prison official, **leaving the "Case Number" blank**. The fee for filing a civil action is $402 (comprising the $350 filing fee and $52 administrative fee). The fee for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is $5.

6. If Daniels files a civil rights complaint and a motion to proceed *in forma pauperis*, he must additionally submit a certified copy of his prisoner account statement (or institutional equivalent) showing all deposits, withdrawals, and a current balance, from any correctional facility in which he was confined for the six-month period prior to filing his civil action, reflecting account activity during that time period. If Daniels pursues a civil action and is

ultimately granted leave to proceed *in forma pauperis*, he will be obligated to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915(b), even if his case is dismissed. He will not be entitled to the return of any payments made toward the fee.

7. Daniels is **DIRECTED** not to file anything further using this docket number other than, if he chooses, a notice of appeal of the Court's Orders in this case. If he wishes to pursue any other remedies, whether those asserted in his "Amended Complaint" or any others, he must file a new complaint and/or petition using the appropriate form.

8. The Clerk of Court is **DIRECTED** to **CLOSE** this matter.

                                        **BY THE COURT:**

                                        /s/Wendy Beetlestone, J.

                                        **WENDY BEETLESTONE, J.**